# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

RECEIVED
BY MAIL
JUN - 5 2006
CLERK, US DIST. COURT
ST. PAUL, MN

No. 05-1738

United States of America, *
*
Appellee, *
* Appeal from the United States
v. * District Court for the
* District of Minnesota.
Eugene Edwards, *
* [UNPUBLISHED]
Appellant. *

CR 02-251 JNE/JGL

Submitted: May 5, 2006
Filed: May 12, 2006

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

PER CURIAM.

A jury found Eugene Edwards guilty of possessing with intent to distribute more than 50 grams of cocaine base and more than 500 grams of powder cocaine, in violation of 21 U.S.C. § 841(a)(1), and carrying or possessing a firearm in connection with those drug-trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A). The district court[1] sentenced him to a total of 195 months in prison and 5 years of supervised release. Edwards raises three arguments on appeal.

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

SCANNED
JUN 0 5 2006
U.S. DISTRICT COURT ST. PAUL

First, Edwards argues that the district court erred in denying his motion to suppress evidence seized from his residence pursuant to a search warrant. We find no error. See United States v. Solomon, 432 F.3d 824, 827 (8th Cir. 2005) (standard of review). The information within the four corners of the affidavit submitted in support of the search warrant application established probable cause. To the extent that extrinsic testimony presented at the second suppression hearing had any bearing on the probable-cause inquiry, the court expressly discredited it in favor of the applying officer's testimony.

Second, Edwards argues that the evidence is insufficient to support his drug convictions. Viewing the evidence in the light most favorable to the government, as we must, we cannot say that a reasonable juror must have harbored a reasonable doubt regarding an essential element of the offenses. See United States v. Howard, 427 F.3d 554, 557 (8th Cir. 2005) (standard of review; elements of offense).

Third, Edwards argues that his firearm conviction is invalid under Bailey v. United States, 516 U.S. 137 (1995), because he did not actively employ the firearm. Edwards is mistaken because he was not convicted of "using" the firearm: he was convicted of "carrying" or "possessing" it, an offense that does not require active employment. See United States v. Alaniz, 235 F.3d 386, 389 (8th Cir. 2000), cert. denied, 533 U.S. 911 (2001).

Accordingly, we affirm the judgment of the district court.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans