UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-251 (JNE)
Civil No. 07-2239 (JNE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE EDWARDS,<br>BOP Prisoner #10963-041,<br><br>Defendant. | ) | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR HABEAS RELIEF PURSUANT TO 28 U.S.C. § 2255 |

The United States of America, by and through its attorneys, Rachel K. Paulose, United States Attorney for the District of Minnesota, and Ann M. Anaya, Assistant United States Attorney, hereby submits the following response to Petitioner Edwards' Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255.

## STATEMENT OF THE FACTS

In January 2002, the Ramsey County Sheriff's Office received information from a confidential informant that Eugene Edwards and Dorothy Fitzgerald were trafficking in cocaine. Based on this information, a search warrant for the residence of Fitzgerald and Edwards located at 2096 Reaney Avenue in St. Paul, Minnesota, was obtained and executed on January 9, 2002. Trial Transcript (hereinafter "T.") at 124-128.

Officers entered the residence after receiving no response from their announcement. T. at 128. Once inside, officers found a

locked glass door leading up the stairway. T. at 145-46. Officers observed defendant Edwards at the top of the stairs and yelled at him to open the door. T. at 128-129. Edwards left the officers' view several times and refused to open the door. T. at 128-30. Officers force open the door and secured Edwards. T. at 128-130. The search of the residence proceeded with the assistance of a canine officer. T. at 130-35.

Recovered from the defendant's bedroom were 69.1 grams of cocaine base, 7.5 grams of marijuana, a digital scale with residue and drug paraphernalia. T. at 134-35, 147-48. Officers also recovered a Raven Arms .25 caliber handgun, loaded with a round in the chamber, and a .9 millimeter handgun that was not loaded. T. at 149. Officers recovered $24,497 in cash from the defendant's bedroom. T. at 149-50. Recovered in a crawl space in an upstairs closet was 1,492 grams of cocaine. T. at 132-34. Documents relating to the defendant and containing the 2096 Reaney address were recovered from the same bedroom where the crack cocaine and firearms were recovered. T. at 168.

Defendant Edwards was interviewed by officers. T. at 179-184. Edwards told officers that a person by the name of "Boo" dropped of the black duffle bag officers recovered from the crawl space. T. at 180. Edwards stated he looked inside the bag and saw drugs and a .25 caliber firearm. Id. Edwards admitted he placed the loaded Raven Arms .25 caliber weapon inside his night stand dresser drawer

next to his bed and placed the bag in the crawl space. T. at 180. Edwards also stated that he placed the .9 millimeter revolver in the drawer after a friend named "Antonio" dropped it off some months earlier. T. at 181-182. Further, Edwards admitted that he intended to sell the 23 bags of crack cocaine, recovered in the night stand drawer next to the firearm, for $150 each. T. at 181. Edwards also admitted the $24,497 in United States currency found in his bedroom was his. T. at 181.

Appellant was indicted with Possession in Excess of 50 Grams of Cocaine Base ("Crack") With Intent to Distribute, Possession with Intent to Distribute in Excess of 500 grams of Cocaine, and Possession of a Firearm in Furtherance of a Drug Trafficking.

The case proceeded to trial before this Court on February 24, 2004. On February 26, 2004, the jury found the defendant guilty of Count 1 - Possession with Intent to Distribute Cocaine Base ("Crack"), Count 2 - Possession with Intent to Distribute Cocaine and Count 3 - Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

The Court denied the defendant's motion for a judgment of acquittal, and on February 22, 2005 sentenced Appellant to 195 months of imprisonment. The sentence was comprised of a 135-month sentence for Possession of Cocaine Base ("Crack") and Cocaine With Intent to Distribute followed by a mandatory consecutive 60-month

sentence for Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

Edwards filed a timely appeal. The Eighth Circuit affirmed Edwards' conviction and in United States v. Edwards, 180 Fed Appx. 618 (8th Cir. 2006), holding that the affidavit submitted in support of the search warrant application established probable cause to search defendant's residence, the evidence was sufficient to support the defendant's conviction and active employment of a firearm was not an element of the offense of carrying or possessing a firearm in connection with a drug-trafficking crime.

On May 9, 2007, Edwards filed this motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The government opposes the motion and submits the following memorandum in response.

## ARGUMENT

### I. EDWARDS' CLAIMS ARE NOT COGNIZABLE UNDER § 2255 AND HIS MOTION SHOULD BE DISMISSED

Title 28, U.S.C. § 2255 requires a prisoner to show that he has the right to be released because:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." Blom v. United States, 2003 WL 21639165, *2 (D. Minn. July 2, 2003) (unreported) citing United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

There are three types of issues that a § 2255 petition cannot raise: 1) issues that were raised on direct appeal, absent a showing of changed circumstances in the law (not cognizable); 2)nonconstitutional issues that could have been but were not raised on direct appeal (not cognizable); and 3) constitutional issues that were not raised on direct appeal, unless the § 2255 petitioner demonstrates "cause" for the procedural default and "prejudice" from the failure to appeal the issue directly (procedural default). Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994); Accord Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992). Cf. Reed v. Farley, 512 U.S. 339, 358 (1994)(for discussion of the difference between cognizability and procedural default).

It is well-established that a section 2255 motion may not be employed to collaterally attack issues that have been raised and decided on direct appeal. United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001); United States v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam); Dall v. United States, 957 F.2d 571,

572 (8th Cir. 1992) (per curiam); United States v. Kraemer, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam); United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam). Furthermore, issues challenging the grand jury, pretrial and trial matters, are controlled by the Eighth Circuit's decision in Houser v. United States, 508 F.2d 509, 514-18 (8th Cir. 1974). The Court set forth particular matters that may or may not be determined in Section 2255 motions. The Court held that pretrial matters concerning "[claims of illegal arrest, irregularities in arrest, or an improper removal from one district to another have been held not cognizable[.]" 508 F.2d at 514. In our case, Edwards pursued a direct appeal and the conviction was affirmed or Edwards knew of the issues and failed to object early on in the proceedings or raise it on appeal, and therefore, those claims are now waived.

"A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise that claim in a Section 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocense." McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001), citing Bousely v. United States, 523 U.S. 614, 622 (1998). In this case, nothing stopped the defendant from raising these issues on direct appeal. There has been no showing, or even attempted showing, of cause for the issue to be raised in a habeas petition for the first time. The claim is therefore defaulted.

However, "[a]bsent unusual circumstances, a showing of ineffective assistance of counsel satisfies both cause and prejudice." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). The government will therefore address the merits of the defendant's ineffective assistance claim. An ineffective-assistance claimant faces a heavy burden:

> A claim of ineffective assistance of counsel [under §2255] must be scrutinized under the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case. The first part of the test is met when the defendant shows that counsel "failed to exercise the customary skills and diligence that a reasonable competent attorney would [have] exhibit[ed] under similar circumstances." The second part is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [citations omitted].

Id.

In our case, Edwards offers ineffective assistance of counsel as the "cause" for his failure to raise these issues in the district court or on direct appeal. The government's position is that Edwards' claims are without merit. However, because he frames those claims under ineffective assistance of counsel, the government will continue and reach the merits of Edwards' contentions.

II. PETITIONER'S CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS ARE WITHOUT MERIT.

The burden of demonstrating ineffective assistance of counsel is on the defendant. United States v. Cronic, 466 U.S. 648, 658 (1984); United States v. White, 341 F.3d 673, 678 (8th Cir. 2003). A defendant must meet the two-part test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant must first establish that counsel's representation was constitutionally deficient, which requires a showing that counsel's performance fell below an objective standard of reasonableness. Id. at 687-88; see also Wiggins v. Smith, 539 U.S. 510 (2003). This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Strickland v. Washington, 466 U.S. 688, 687 (1984). In considering whether this showing has been accomplished, "[j]udicial scrutiny of counsel's performance must be highly deferential." Id. at 689. Because of the distorting affects of hindsight, the highly deferential scrutiny of counsel's performance "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

A defendant must also show that the deficient performance prejudiced the defense. Strickland, 466 U.S. 668, 687 (1984). This requires proving that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been more favorable to the defendant. Id. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome."

Wiggins v. Smith, 539 U.S. 510, 534 (2003). Merely showing a conceivable effect is not enough. When evaluating the probability the result would have been different, a court views the alleged error in light of the totality of all the evidence before the jury to gauge the effect of the error. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006).

Edwards makes numerous ineffective assistance claims in his Section 2255 petition.[1] Edwards makes a number of arguments that his counsel failed to investigate his case. Under Strickland, trial counsel has a duty to conduct a reasonable investigation or to make a reasonable determination that an investigation is unnecessary. Link v. Luebbers, 469 F.3d 1197, 1203 (8th Cir. 2006). It is the defendant's burden to overcome the strong presumption that his counsel acted reasonably here.

The defendant utterly fails in this regard. He only engages in bald speculation about what defense counsel did not do and what defense counsel might have found. His petition is entirely devoid of the real world specifics necessary for him to prevail.

To succeed on a claim of ineffective assistance of counsel based on alleged inadequate investigation, a petitioner must demonstrate that a more thorough investigation would have revealed

[1] It should also be noted that during the course of the trial and appeal, the petitioner had at least four different attorneys work on this case.

evidence which would establish a reasonable probability that the results of the trial would have been different. See Payne v. U.S. 78 F.3d 343, 348 (8th Cir. 1996) (rejecting ineffective assistance claim where, even if counsel's performance was deficient for failing to interview or investigate witnesses, defendant failed to establish that interviewing witnesses would have changed the outcome). See also United States v. Davis, 406 F.3d 505, 510 (8th Cir. 2005); Schone v. Purkett, 15 F.3d 785, 789-790 (8th Cir. 1994).

Here, Edwards offers no new evidence or legal arguments to show how he was prejudiced by his counsel's supposed failure to investigate. Instead, he offers only conjecture about what evidence might have been found had his attorney pursued the avenues of investigation suggested by Edwards.

Edwards' speculation about what evidence might have been found had these avenues of investigation been undertaken simply is not enough to "undermine confidence in the outcome" of his trial. Strickland, 466 U.S. at 694; Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir. 1989). As noted earlier, the evidence in this case was overwhelming and is not of the sort to be undermined by mere conjecture.

Nor has Edwards met the first Strickland test that his attorney acted unreasonably. "[A]n attorney does not have an obligation to undertake an investigation which, in his reasoned

judgment, does not have promise. Harvey v. United States, 850 F.2d 388, 400 (8th Cir. 1988), citing Strickland, 466 U.S. 668 at 691 (1984). Here a review of defense counsel Cascarano's cross-examination of the government witnesses clearly indicates he had reviewed the reports and other documents and had prepared to put in the defendant's case through cross-examination

III. AN EVIDENTIARY HEARING IS UNNECESSARY

"A § 2255 'petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact.'" Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998), quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Edwards fails to meet this burden. Edwards' allegations, even if accepted as true, cannot overcome the overwhelming evidence in this case against Edwards and entitle him to relief from his conviction and sentence. The government's position is that an evidentiary hearing is unnecessary in this matter as the files and records conclusively show that Edwards is not entitled to relief.

CONCLUSION

For the foregoing reasons, the Petitioner's § 2255 motion seeking to vacate, set aside or correct his sentence should be denied and dismissed without the need for an evidentiary hearing.

Dated: June 22, 2007

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

s/ Ann Anaya
BY: ANN M. ANAYA
Assistant U.S. Attorney
Attorney ID Number 243668