UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eugene Edwards,

Petitioner,

v.

United States of America,

Respondent.

Civil No. 07-2239 (JNE)
Crim. No. 02-251 (JNE)
ORDER

A jury found Petitioner guilty of possession with intent to distribute more than 50 grams of cocaine base, possession with intent to distribute more than 500 grams of cocaine, and possession of a firearm in furtherance of a drug trafficking crime. The Court sentenced him to 195 months in prison and five years of supervised release. Petitioner appealed, and the United States Court of Appeals for the Eighth Circuit affirmed. Petitioner now moves to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 (2000). Because the record conclusively shows that Petitioner is not entitled to relief, the Court denies the motion without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

Petitioner raises four claims in his motion: (1) that a search warrant was based on insufficient and unreliable evidence; (2) that he was denied effective assistance of counsel; (3) that he was denied his right of confrontation; and (4) that the trial judge was biased against him. The government argues that Petitioner's claims are either not cognizable or procedurally defaulted. The government also asserts that Petitioner's claims have no merit.

*Search warrant*

In his direct appeal, Petitioner argued that the Court erred in denying his motion to suppress evidence seized pursuant to a search warrant. *United States v. Edwards*, 180 F. App'x 618, 619 (8th Cir. 2006) (unpublished) (per curiam). The Eighth Circuit rejected this argument:

> The information within the four corners of the affidavit submitted in support of the search warrant application established probable cause. To the extent that extrinsic testimony presented at the second suppression hearing had any bearing on the probable-cause inquiry, the court expressly discredited it in favor of the applying officer's testimony.

*Id.* "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001); *see United States v. McGee*, 201 F.3d 1022, 1023 (8th Cir. 2000) (per curiam). The Court discerns no applicable exception that would permit Petitioner to reassert his challenge to the search warrant here. The Court therefore rejects this claim.

*Ineffective assistance of counsel*

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003). "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first component requires Petitioner to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In determining whether his counsel's performance was objectively reasonable, the Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second component of Petitioner's claim requires him to show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Petitioner privately retained four separate attorneys who successively represented him in pre-trial, trial, and post-trial proceedings. Petitioner asserts that each attorney was ineffective. In support of his claim that the first attorney was ineffective, Petitioner states: (1) the attorney failed to adequately advise Petitioner of the charges and evidence against him; (2) the attorney sent another attorney to Petitioner's first appearance; (3) the attorney did not interview witnesses; (4) the attorney did not investigate the case; (5) the attorney did not allow Petitioner to hear a recorded confession; (6) the attorney did not disclose the defense strategy to Petitioner despite the scheduling of trial; and (7) the attorney instead presented Petitioner with a guilty plea and gave Petitioner eight days to decide whether to plead guilty. The Court need not decide whether the first attorney's performance was deficient. The first attorney's representation terminated a few weeks before Petitioner was first scheduled for trial. At that time, Petitioner obtained substitute counsel, and the Court granted Petitioner a continuance of the trial. Petitioner has not shown any prejudice from the first attorney's alleged ineffectiveness. The Court therefore denies Petitioner's motion with regard to the claim that his first attorney was ineffective. *See id.* at 700 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."); *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) ("If the defendant cannot prove prejudice, we need not address whether counsel's performance was deficient.").

To demonstrate that his second attorney was ineffective, Petitioner states: (1) the second attorney informed Petitioner of a recorded confession but did not allow Petitioner to listen to it; (2) Petitioner pleaded guilty on the day his trial was scheduled to begin because of the second attorney's advice; and (3) the Court later granted Petitioner's motion to withdraw his guilty plea. Petitioner failed to demonstrate any prejudice from the second attorney's alleged ineffectiveness.

Petitioner successfully moved to withdraw his guilty plea. Petitioner has not demonstrated a reasonable probability that, but for his second attorney's alleged deficient performance, the result of this case would have been different. The Court therefore denies Petitioner's motion as it relates to the second attorney's performance.

Petitioner's third attorney represented Petitioner through trial. Petitioner first argues that the third attorney provided ineffective assistance by failing to retain an expert to analyze the recorded confession. Petitioner has not explained how he was prejudiced from the failure to submit the recorded confession to an expert. He articulated neither the evidence an expert's analysis of the recorded confession would have produced nor how that evidence would have yielded a reasonable probability that the result of the proceeding would have been different. The Court therefore rejects Petitioner's argument. *See Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989); *Beans v. Black*, 757 F.2d 933, 936 (8th Cir. 1985).

Second, Petitioner claims that the third attorney provided ineffective assistance by moving for Petitioner's release pending trial after the Court ordered that Petitioner remain in custody pending trial. The Court discerns no deficiency in the third attorney's unsuccessful attempt to secure Petitioner's release before trial, and Petitioner has not demonstrated any prejudice from the attempt. Consequently, the Court rejects this claim.

Third, Petitioner maintains that the third attorney provided ineffective assistance by failing to impeach a witness with prior inconsistent statements as to the length of the recorded confession. The record belies this assertion. At trial, the third attorney's examination of the witness covered the witness's inconsistent statements about the recorded confession's length. Thus, this claim has no merit.

Finally, Petitioner claims that the third attorney was ineffective because the third attorney implicated Petitioner in the crime charged by acknowledging in closing arguments that Petitioner's voice appeared on the recorded confession. Petitioner implies that the recorded confession was not properly authenticated, but the testimony of the officer who questioned Petitioner authenticated the recording. *See* Fed. R. Evid. 901. In closing arguments, the third attorney maintained that Petitioner made admissions during the recorded confession as a means to protect Petitioner's girlfriend. The third attorney's closing argument was a reasonable trial strategy. Thus, the third attorney's closing argument did not constitute ineffective assistance. *See Lingar v. Bowsox*, 176 F.3d 453, 459 (8th Cir. 1999).

As to the fourth attorney, Petitioner does not identify the acts or omissions that allegedly constitute ineffective assistance. Instead, Petitioner recounts how he retained the fourth attorney, mentions disciplinary proceedings against the fourth attorney, and asserts that the fourth attorney was not truthful. Petitioner's vague, conclusory allegations are insufficient to establish a claim for ineffective assistance of counsel. *See Strickland*, 466 U.S. at 689 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."); *United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995).

*Confrontation*

Petitioner claims that he was denied his right of confrontation. In support, he relies on the denial of several motions during pre-trial proceedings, including motions to disclose witnesses and confessions. Thus, Petitioner could have raised this issue on direct appeal.

A defendant who procedurally defaulted a claim by failing to raise it on direct appeal may raise that claim under section 2255 only by demonstrating cause for the default and

prejudice or actual innocence. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). Here, Petitioner did not demonstrate cause for the default and prejudice. Nor did Petitioner assert actual innocence. Accordingly, Petitioner cannot assert this claim here.

*Bias*

Petitioner contends that the trial judge was biased against him. He supports his claim by recounting several decisions made by the Court during pre-trial proceedings. Like his right-of-confrontation claim, Petitioner could have argued judicial bias on direct appeal. *See Liteky v. United States*, 510 U.S. 540 (1994); *United States v. Larson*, 110 F.3d 620, 624, 628 (8th Cir. 1997). Petitioner has not demonstrated cause for the default and prejudice. Nor has he asserted actual innocence. Consequently, he cannot raise his judicial bias claim here. Moreover, the claim has no merit. *See Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

*Certificate of appealability*

An appeal cannot be taken from a final order denying a motion under section 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2000); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, "a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Petitioner has not demonstrated that reasonable jurists would find the rejection of Petitioner's claims on the merits and procedural grounds debatable or wrong. Thus, the Court declines to grant a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Petitioner's section 2255 motion [Docket No. 1 in Civil No. 07-2239; Docket No. 119 in Crim. No. 02-251] is DENIED.

2. Petitioner is not entitled to a certificate of appealability.

Dated: July 24, 2007

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge