Eugene Edwards
Reg. No. #10963-041
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814

July 3, 2008

RECEIVED
BY MAIL
AUG 06 2008
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

Ms. Caroline Durham
Assistant Federal Defender
District of Minnesota
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

**In Re: Criminal No. 02-251(1)(JNE)**

Dear Ms. Durham:

I would like to thank you for your efforts at obtaining a reduction in my sentence. I am greatful to you for that. However, there is a matter that I would like for you to pursue, if you could get the Judge to reconsider departing below the mandatory minimum sentence in my case, in light of the Supreme Court's decision in Kimbrough v. United States, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), concomitant with Gall v. United States, 128 S.Ct. 586, 594 (2007), and United States v. Grant, 524 F.Supp.2d 1204 (D.C.Cal 2007), striking the mandatory minimums, concluding that the mandatory minimums do not apply to "Peripheral Offenders."

I'm sure you are aware of the circumstances surrounding my case, and how the informant was used against me. I will admit that nothing in Booker, Gall, or Kimbrough invalidates the statutory mandatory minimums sentences for crack cocaine and other drugs. However, the Supreme Court's decision in Kimbrough now provides the Court with discretionary decision making authority to depart on the basis of the disparity that exist between crack and powder cocaine thus making the guidelines advisory rather than mandatory. 128 S.Ct. at 564. Kimbrough was not available to the Court at the time I was sentenced, and if argued properly, I believe could be applied under the circumstances of my case.

While Booker effectively ended the era in which sentences were determined as a matter of law (the "Guideline Era"). Although it is true that Booker itself did not address the constitutionality of mandatory minimums, it is inescapable that Booker has significantly affected the legal framework within which, as yet undecided questions about the scope, breath, and preemtive effect of the Section 841 minimums must be addressed. See,e.g., United States v. Spears, 469 F.3d 1166, 1170 (8th Cir. 2006)(discussing the 100:1 Ratio, Congress, and the Sentencing Commission).



SCANNED
AUG 11 2008
U.S. DISTRICT COURT ST. PAUL

Post-Booker, this Circuit's Law reviewed sentences for reasonableness under an abuse of discretion standard. Gall, 128 S.Ct. 586, 594 (2007). Reasonableness includes a procedural component, which includes how the sentence was calculated and the substantive component concerning the length of the sentence actually imposed. See United States v. Shields, 519 F.3d 836, 838 (8th Cir. 2008). Relevant here, procedural reasonableness would address whether the Court, under Kimbrough, would have the discretion to depart below the mandatory minimums on the basis of the disparity that the Supreme Court has now recognized exist bewteen crack and powder cocaine.

As pointed out by the district court in Grant, according to legislative history, the purpose of the Ten Year Minimum was to target people who are directly and personally responsible for the manufacturing and/or distribution of certain types and quantities of controlled substances ("Principal Drug Trafficker"). See 132 CONG. REG. H6519-01 (Sept. 10. 1986), 132 CONG. REG. S14270-01 (Sept. 30, 1986). Violations of Section 841(a) that will trigger the Ten Year Minimum.

In the case at bar, the record will support the fact that, I was not a "principle drug trafficker." It was more than obvious that the Government in my case manipulated the outcome through concessions and threats, based solely on its opinion of what was appropriate. Of particular importance, dispite the criticism surrounding the Ten Year Minimum, congress has failed to act. In Grant, the district court reasoned that: "It must be understood, however, that Congress has behaved as would be expected in accordance with its position within the constitutional structure." Id. at 1216. The court went further to say, it has simply responded to what appears to be the will of the majority of voters. The Section 841 minimums have produces no groundswell of protests of other reason to believe that they are not approved by a majority of voters. From Congress' perspective, it may well be said that if the application of the Section 841 minimums violated individuals rights protected by the Due Process Claus, "it is up to the courts to say so." Id. at 1216.

Indeed, Judge Diana E. Murphy, who was one of the authors of the Sentencing Commission's 2002 report recommending the 20:1 ratio added a concurring opinion in which she urged Congress to modify the minimum sentences for crack cocaine that the Sentencing Commission had originally relied upon when it incorporated the 100:1 ratio into the guidelines. "Perhaps the specter of myriad cocaine sentencing policies with uneven results across the country will move Congress to renew its interest in this critical subject which affects people's lives in a way many preceive to be inequitable and unjust," Murphy said.

In assessing the constitutionally of the Ten Year Minimum, a court must consider whether the term of imprisonment represents some form of "injustice," as guaranteed by the Due Process Clause. Admittedly, the court says in Grant, the precise grounds of what constitutes "justice" are always clear and tend to differ depending upon one's perspective. Nevertheless, the court says, although justice may be a difficult concept to grasp when juxtaposed against "manifest injustice," the courts' inaction to date appears to indicate that justice is not their concern. However, when courts routinely continue to apply legislation knowing that it has systematically resulted in "manifest injustice," proper deference to Congress becomes improper and becomes instead an abdication of judicial responsibility. Id at 1217.

Further still, the court says in Grant, the Due Process Clause demands more of courts than this. Congress has no responsibility for assuring that its laws do not produce individual injustices. Neither does the executive. No matter how well-intentioned or how lawful the acts of the other branches of government may be within their own proper ambits, when the combined effects of their actions produce sentencing results that are as systemically arbitrary, capricious, unjust, inequitable, and sometime unconscionable, as the above-referenced studies have shown them to be, courts are not only obligated to intervene under the Due Process Clause, but to do so in a timely manner. It is already too late for the courts to intervene in a timely manner to cure past injustices, but it is not too late to begin intervening to prevent future injustices. Id. at 1217.

Ms. Durham, I would appreicate it greatly if you would ask the Court to reconsider my sentence, and to depart below the mandatory minimum in my case, based upon the reasoning as set forth above. If the Court denies my request, then I would like to appeal his decision to the Eighth Circuit. I trust that you have done as much as you can do at this point, but 120 months is still a rather long sentence, and I am willing to go the extra mile in my case to challenge the mandatory minimums as being unconstitutionally applied to me under the circumstances presented in my case.

I thank you for your time, and I look forward to hearing from you soon on my recent request.

Sincerely,

Eugene Edwards

c/filed;
copy sent to:
The Honorable:
Joan N. Ericken,
United States District Judge.